JAMES J. BUSWELL, Respondent, v. LUKE M. EMERSON, Appellant.

St. Louis Court of Appeals, January 21, 1896.

Instructions: COVERING ENTIRE CASE. When the evidence of the opposing parties is entirely irreconcilable so that the belief in that of one side necessarily involves a disbelief in that of the other, an instruction to find for one of the parties on his theory, but otherwise for his adversary, is not in conflict with the rule that an instruction purporting to cover the entire case must not exclude the evidence of either of the litigants.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*Charles M. Napton* for appellant.

*J. D. Hostetter* for respondent.

ROMBAUER, P. J.—This action was instituted before a justice of the peace to recover from the defendant $200, which plaintiff claims the defendant agreed to pay him as part consideration of the compromise of a certain suit. The trial in the circuit court resulted in a verdict and judgment for the plaintiff for the full amount claimed, and the only error assigned by the defendant, who appeals, is that the court of its own motion gave an erroneous instruction to the jury.

The plaintiff gave evidence tending to show that the defendant sold to him a stallion in May, 1892, with a warranty that he was registered in the English Shire Stud Book; that thereafter the plaintiff discovered that the stallion was not thus registered, and brought an action against the defendant upon the warranty, laying

his damages at $1,000; that this action was compromised and dismissed at plaintiff's costs upon the payment of $200 in cash by the defendant, and a promise of a further payment of $200, unless the defendant would, during the year 1893, produce and deliver to the plaintiff satisfactory evidence that the stallion was registered as above; that the defendant failed to produce such evidence, whereupon the plaintiff brought this action against him in June, 1894.

The defendant gave evidence tending to show that the compromise agreement was not as claimed by the plaintiff, but was to the following effect, namely: That the defendant should pay to the plaintiff in full accord and satisfaction of the warranty $200; that the defendant thereupon gave to the plaintiff a check for $200, payable to plaintiff's order, which check recited that it was "for settlement in full all demands stallion deal," and that the plaintiff cashed said check.

The plaintiff also gave evidence tending to show that, when he took the above check, the defendant informed him that, if he would not get the certificate, he would pay the additional $200, and that he repeated that statement after the money was paid.

Neither the plaintiff nor the defendant asked any instructions. The only instruction given is the one complained of, which the court gave of its own motion and which is as follows (the italics being our own):

"The jury are instructed that, if they find from the evidence in the cause that it was agreed between the plaintiff and defendant that, in consideration of the dismissal of the suit of plaintiff against defendant for damages for breach of contract of sale of horse, the defendant would pay plaintiff $200 in cash, and also pay the plaintiff an additional sum of $200, unless the defendant should furnish plaintiff with a certificate of registry of said horse in the English Shire Stud Book, then the ver-

dict should be for the plaintiff for the sum of $200, with interest thereon at six per cent from the sixteenth day of June, 1894, to the present time; and the jury should in that case calculate said interest and add it to the principal, and find the verdict for the amount. *If the jury fail to find that it was agreed as above stated, the verdict should be for defendant.*"

It has been frequently decided by us that an instruction given for either party, and purporting to cover the whole case, should be so framed as not to exclude from the jury his adversary's evidence. The defendant claims that the instruction above set out violates this rule. That claim is not tenable. The plaintiff's evidence tended to show that the terms of the compromise were $200 in cash, and additional $200 upon a contingency. The defendant's evidence tended to show that the $200 cash were paid and received in full satisfaction of the compromise. The instruction, in telling the jury that, if they found the agreement as testified to by the plaintiff, they must find for him, but otherwise they must find for the defendant, was in effect an instruction that, if they found the agreement as testified to by the defendant, they must find for him. A belief in plaintiff's version of the contract necessarily negatived the belief in the truth of defendant's version, because the two versions were wholly irreconcilable.

As this is the only error complained of, the judgment must be affirmed. So ordered. All concur.